## Frank Cox v. The State.

### No. 481.    Decided March 23, 1910.

**1.—Altering Mark of Hog—Charge of Court—Explanation of Defendant.**

Where, upon trial for unlawfully altering the mark upon a certain hog, the evidence showed a reasonable explanation of the defendant, and that he offered a special charge thereon which was refused, the same was reversible error.

**2.—Same—Charge of Court—Other Transactions.**

Where, upon trial for altering the marks on a certain hog, there was no evidence of the marking of other hogs by the defendant, belonging to the party injured, it was reversible error to submit a charge with reference to the marking of other hogs.

**3.—Same—Evidence—Impeachment of Witness.**

Where, upon an appeal from a conviction of unlawfully altering the mark upon a certain hog, it appeared that the defendant objected generally on cross-examination of himself as to whether he had not been jailed for bootlegging or selling whisky, because such question was immaterial, and not on the ground that such question did not involve moral turpitude, there was no reversible error.

Appeal from the District Court of Shelby. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of unlawfully altering the mark upon a certain hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant was indicted in the District Court of Shelby County for unlawfully altering the mark upon a certain hog without the consent of the owner with the intent to defraud. He was convicted and given a punishment of two years confinement in the penitentiary. It is unnecessary to set out the facts in the case. Suffice it to say that Burgess claimed that he found one of his hogs whose mark had been changed. This hog was claimed by the appellant and he said if he had marked the hog, when Burgess went with him to see it, it was done through a mistake. Burgess denied that appellant made this statement to him.

1. On the trial of the case appellant requested a special charge to the effect that if the defendant made an explanation of the marking of the hog that was reasonable and consistent with his innocence when first accosted about the hog and that the same was probably true, the jury would acquit, unless they found that the explanation by the appellant was untrue. This charge was refused. In the light of the testimony we think that a charge should have been given by the court as

to the effect that should be given to the explanation of the defendant at the time when first accosted about the hog being remarked. The charge as requested was objectionable as being upon the weight of the evidence, but the same was sufficient to call the attention of the court to this issue and the court should have given a proper charge upon defendant's explanation when first accosted about the hog.

2. The court in his general charge to the jury charged them in reference to the marking of other hogs than the one charged to have been marked in this case, and the court told the jury that they would not consider certain testimony for the purpose of showing the guilt or innocence of the defendant on the charge contained in the indictment, but should be considered by them for the purpose of showing system between the alleged offense on trial and that introduced to connect the appellant with the offense committed. There was no proof that other hogs were remarked or that the marking of other hogs had been altered by the appellant, which belonged to the witness Burgess. This charge was prejudicial and the court erred in submitting the same to the jury.

3. On the trial of the case when appellant took the stand to testify in his own behalf the State, over the objection of the appellant, was allowed to ask the witness the following question: "Is it not a fact that shortly before this trouble about which you are being prosecuted, about the sow, if you were not in jail in Louisiana for boot-legging, or selling whisky?" This question was objected to as irrelevant, immaterial and calculated to prejudice the defendant. While the question may have been objectionable as not involving moral turpitude, yet this ground was not made in the court below and the objections are too general to be considered by this court.

For the errors indicated the judgment will be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*